IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>JOHN A. MORGAN,  )<br>  )<br>Defendant.  )<br>_____) | Case No. 5:18-cv-1647 |

## COMPLAINT

THE UNITED STATES OF AMERICA, pursuant to 26 U.S.C. §§ 7401 and 7403, with the authorization of a delegate of the Secretary of the Treasury and at the direction of a delegate of the Attorney General of the United States, brings this civil action to (1) reduce to judgment the unpaid federal income tax liabilities assessed against the defendant John A. Morgan for the tax years 2010, 2011, 2013, and 2014, and (2) enforce the federal tax liens that arose upon assessment of the unpaid federal tax liabilities of John A. Morgan, and attached to his controlling ownership interests in two entities: Caritas Investment, LP and Morgan 2000, LLC.

FOR ITS COMPLAINT, the United States alleges:

### Jurisdiction and Parties

1.  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1340, and 1345, and 26 U.S.C. §§ 7402 and 7403.

2.  Venue is proper under 28 U.S.C. §§ 1391(b) and 1396.

3.  The defendant John A. Morgan resides within the jurisdiction of this Court.

**Count I: Reduce to Judgment Unpaid Federal Income Tax Liabilities Assessed Against John A. Morgan**

4.     The United States incorporates herein by reference the allegations contained in Paragraphs 1 through 3, above.

5.     On the dates, in the amounts, and in regard to the taxable periods set forth below, a delegate of the Secretary of the Treasury of the United States made the following assessments against defendant John A. Morgan, for federal income taxes for the years 2010, 2011, 2013, and 2014, and for penalties, and interest, which have balances due after accounting for accruals and costs as of September 3, 2018, as follows:

| Tax Period | Assessment Date | Assessment Type | Assessed Amount | Balance as of 09/03/2018 |
|---|---|---|---|---|
| 2010 | 11/21/2011 | Tax return filed and tax assessed | $585,352.60 | $29,985.58[1] |
| | 11/21/2011 | Penalty for not pre-paying tax | $3,674.00 | |
| | 11/21/2011 | Penalty for late payment of tax | $13,980.19 | |
| | 11/21/2011 | Interest charged for late payment | $7,710.30 | |
| | 11/10/2014 | Interest charged for late payment | $44,730.35 | |
| | 11/10/2014 | Penalty for late payment of tax | $100,125.51 | |
| | 10/19/2015 | Additional tax assessed by examination | $7,782.00 | |

---

[1] The original 2010 assessment of $585,352.60 was reduced by $541,198.00 in tax that, on information and belief, resulted from a carryback of a net operating loss in 2012. The original 2011 assessment of $731,453.00 was also significantly reduced.

| 2011 | 10/29/2012 | Tax return filed and tax assessed | $731,453.00 | $611,145.04 |
|------|------------|-----------------------------------|-------------|-------------|
|      | 10/29/2012 | Penalty for not pre-paying tax    | $10,043.05  |             |
|      | 10/29/2012 | Penalty for late payment of tax   | $22,798.33  |             |
|      | 10/29/2012 | Interest charged for late payment | $10,603.14  |             |
|      | 11/10/2014 | Interest charged for late payment | $43,685.14  |             |
|      | 11/10/2014 | Penalty for late payment of tax   | $133,533.11 |             |
|      | 11/16/2015 | Interest charged for late payment | $26,827.62  |             |
|      | 11/16/2015 | Penalty for late payment of tax   | $6,513.81   |             |
|      | 11/14/2016 | Interest charged for late payment | $32,174.38  |             |
| 2013 | 11/24/2014 | Tax return filed and tax assessed | $20,506.00  | $29,393.65  |
|      | 11/24/2014 | Penalty for late payment of tax   | $812.88     |             |
|      | 11/24/2014 | Interest charged for late payment | $375.90     |             |
|      | 11/14/2016 | Interest charged for late payment | $1,454.16   |             |
|      | 11/14/2016 | Penalty for late payment of tax   | $4,267.62   |             |

| 2014 | 07/11/2016 | Tax return filed and tax assessed | $13,505.00 | $15,924.97 |
|---|---|---|---|---|
| | 07/11/2016 | Penalty for not pre-paying tax | $173.85 | |
| | 07/11/2016 | Penalty for filing tax return after the due date | $2,264.40 | |
| | 07/11/2016 | Penalty for late payment of tax | $754.80 | |
| | 07/11/2016 | Interest charged for late payment | $467.62 | |
| **Total Unpaid Balance as of September 3, 2018:** | | | | **$686,449.24** |

6. A delegate of the Secretary of the Treasury properly gave notice of the unpaid tax liabilities described in Paragraph 5, above, to, and made a demand for payment upon, John A. Morgan.

7. Despite such notice and demand, John A. Morgan has failed, neglected, or refused to pay in full the federal income tax liabilities set forth in Paragraph 5, and after accounting for all abatements, payments, credits, costs, and accruals, John A. Morgan remains liable to the United States for the balance due in the amount of $686,449.24, plus statutory additions from and after September 3, 2018, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. §1961(c).

### Count II: Enforce Federal Tax Liens Against John A. Morgan's Ownership Interest in Entities

8. The United States incorporates herein by reference the allegations contained in Paragraphs 1 through 7, above.

9. The failure, neglect, or refusal of John A. Morgan to pay the tax liabilities assessed against him as described in Paragraph 5, following notice and demand for payment of the same, gave rise, as of the dates of the assessments, to liens in favor of the United States upon all of the property and rights to property belonging to John A. Morgan in an amount equal to the unpaid balance of the assessments, plus statutory accruals, pursuant to 26 U.S.C. §§ 6321 and 6322.

10. The IRS filed a notice of federal tax lien, in accordance with 26 U.S.C. § 6323(f), in the name of John A. Morgan for his unpaid federal income tax liabilities for the tax year 2010, with the Secretary of State of Connecticut, which was recorded at UCC Number IRS870570412, on May 30, 2012. The IRS also filed a notice of federal tax lien in the name of John A. Morgan for his unpaid federal income tax liabilities for the tax year 2010, with the Town Clerk of the City of Stamford, Connecticut, which was recorded in Book 10436, Page 270, on June 4, 2012.

11. The IRS filed a notice of federal tax lien, in accordance with 26 U.S.C. § 6323(f), in the name of John A. Morgan for his unpaid federal income tax liabilities for the tax year 2011, with the Secretary of State of Connecticut, which was recorded at UCC Number IRS954299613, on August 13, 2013. The IRS also filed a notice of federal tax lien in the name of John A. Morgan for his unpaid federal income tax liabilities for the tax year 2011, with the Town Clerk of the City of Stamford, Connecticut, which was recorded in Book 10831, Page 311, on August 21, 2013.

12. The IRS filed a notice of federal tax lien, in accordance with 26 U.S.C. § 6323(f), in the name of John A. Morgan for his unpaid federal income tax liabilities for the tax year 2013, with the Secretary of State of Connecticut, which was recorded at UCC Number IRS139051615, on January 20, 2015. The IRS also filed a notice of federal tax lien in the name of John A.

Morgan for his unpaid federal income tax liabilities for the tax year 2013, with the Town Clerk of the City of Stamford, Connecticut, which was recorded in Book 11174, Page 323, on February 10, 2015.

13. John A. Morgan, as a limited partner, owns 99 percent of the ownership interests in Caritas Investment LP ("Caritas Investment").

14. John A. Morgan owns 100 percent of the ownership interest in (i.e., is the sole member of) Morgan 2000, LLC ("Morgan 2000"). Morgan 2000 owns the other 1% of Caritas Investment and is its general partner.

15. The federal tax liens described in Paragraph 5 have attached to all of the property and rights to property of John A. Morgan under 26 U.S.C. §§ 6321 and 6322, including (1) his interest as a 99% limited partner in Caritas Investment, and (2) his 100 percent ownership interest in Morgan 2000 (which owns the other 1% of Caritas Investment).

16. Accordingly, the federal tax liens arising from John A. Morgan's unpaid tax liabilities should be enforced against his ownership interests in Caritas Investment and Morgan 2000 in accordance with 26 U.S.C. § 7403. The United States is entitled to a judgment enforcing the federal tax liens assessed as described in Paragraph 5, above, through a judicial sale of Mr. Morgan's ownership interests in Caritas Investment and Morgan 2000.[2]

17. On April 24, 2017, Caritas Investment filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court, District of Connecticut. That bankruptcy case was assigned Docket No. 17-50456. Caritas Investment is the owner of real property commonly known as 140

---

[2] The United States reserves the right to move to appoint a receiver to enforce the tax lien against the ownership interests in Caritas Investment and Morgan 2000 by selling such interests through appropriate procedures. It also reserves the right to seek the appointment of a receiver with the powers of a receiver in equity upon the certification of the Secretary of the Treasury that such a receiver is in the public interest.

Wallacks Drive, Stamford, Connecticut, consisting of Caritas Island, which is an island off the coast of Stamford, Connecticut, and a contiguous parcel of the main land of Stamford ("the Real Property"). The Real Property is subject to a mortgage against it by Bank of America which has filed a claim in the bankruptcy case for more than $4.5 million, and is believed to have a market value of substantially in excess of that sum, thereby causing the ownership interests of John A. Morgan (directly and indirectly through Morgan 2000) to have substantial value.

18. The action initiated by this complaint does not violate the automatic stay of 11 U.S.C. § 362 because the complaint seeks to collect the personal liability of John A. Morgan, who is not himself in bankruptcy, and because the ownership interests in Caritas Investment and Morgan 2000 that are the subject of Count II of this complaint are not property of the debtor's bankruptcy estate, and therefore this action is not directed toward property of the bankruptcy estate.[3]

WHEREFORE, the plaintiff, United States of America, requests that this Court enter judgment:

A. Against the defendant John A. Morgan for unpaid tax liabilities for the tax years 2010, 2011, 2013, and 2014, in the amount of $686,449.24, plus statutory additions from and

---

[3] The United States has filed a proof of claim in the bankruptcy for $806,182.61 in federal income taxes owed by John A. Morgan on the basis that Caritas Investment holds the Real Property as the nominee of John A. Morgan. The debtor in possession (Caritas Investment) has commenced an adversary proceeding against the IRS claiming that it does not hold the property as Morgan's nominee. The adversary complaint is assigned Docket No. 18-05035. The instant complaint may render the adversary proceeding moot by enabling the United States to satisfy John A. Morgan's tax liabilities through sale of the effective 100% ownership interests of John A. Morgan in the partnership (including through Morgan 2000). In case the adversary proceeding is not moot, the United States will be filing a motion to withdraw the reference over the adversary complaint and to consolidate that matter with this case.

after September 3, 2018, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. §1961(c);

  B. Enforcing the federal tax liens that arose upon assessment of the unpaid federal tax liabilities of John A. Morgan, against his controlling ownership interests in Caritas Investment, LP, and Morgan 2000, LLC;

  C. Any other and further relief to the United States that the Court deems appropriate.

Dated:  October 2, 2018

             Respectfully submitted,

             RICHARD E. ZUCKERMAN
             Principal Deputy Assistant Attorney General


             */s/ Marie E. Wicks*
             MARIE E. WICKS
             Trial Attorney, Tax Division
             U.S. Department of Justice
             P.O. Box 55
             Washington, D.C.  20044
             202-307-0461 (v)
             202-514-5238 (f)
             Marie.E.Wicks@usdoj.gov

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**DEFENDANTS**
JOHN A. MORGAN

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Fairfield County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marie E. Wicks, Trial Attorney
U.S. Department of Justice, Tax Division
P.O. Box 55, Washington, DC 20044, (202) 307-0461

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. s. 7401 and 26 U.S.C. s. 7403

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 686,449.24

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 10/02/2018

SIGNATURE OF ATTORNEY OF RECORD: /s/ Marie E. Wicks

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.