UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

v.

JOHN A. MORGAN,
    *Defendant*.

No. 3:18-cv-1647 (JAM)

**ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT**

The United States filed suit against the defendant John A. Morgan seeking unpaid federal income tax liabilities assessed against him for the tax years 2010, 2011, 2013, and 2014 and to enforce federal tax liens attached to his controlling interests in two entities, Caritas Investment, LP and Morgan 2000, LLC. The government moves for partial summary judgment. Doc. #55. For the reasons set forth below, I will grant the government's motion.

### BACKGROUND

This action is based on Morgan's federal tax liability for the tax years of 2010, 2011, 2013, and 2014. The following facts are primarily drawn from the government's Local Rule 56(a)(1) statement. Doc. #55-1.[1]

    *2010*

---

[1] Although Morgan filed a counterstatement, Doc. #61-2, his submission does not conform with Local Rule 56(a)(2)'s requirements to controvert the government's material facts. For example, Morgan states that he is "in agreement" with the government's facts relating to tax years 2013 and 2014. *See* Doc. #61-2 at 9-11 (¶¶ 29-43 Resps.). Furthermore, in his Local Rule 56(a)(2) statement, Morgan states that "the notes on 2011 I mostly agree with" and "I only am in disagreement with the 2010 penalty abatements and as it has an impact on the 2011 tax debt owed as it makes a big different in what is owed in the end." Doc. #61-2 at 9, 11 (capitalization omitted). Yet to the extent that Morgan would take issue with the government's statement of material facts relating to his resulting tax liability for 2010, he cites no evidence to controvert the government's version of events. *See, e.g.*, Doc. #61-2 at 5 (¶ 12 Resp.), 6-7 (¶ 15 Resp.). Accordingly, the material facts submitted by the government are deemed admitted solely for the purpose of resolving the instant motion. *See* Local Rule 56(a)(1) ("Each material fact set forth in the Local Rule 56(a)1 Statement and supported by the evidence will be deemed admitted (solely for purposes of the motion) unless such fact is controverted by the Local Rule 56(a)(2) Statement….").

After Morgan filed his 2010 taxes, he had an unpaid tax balance of over $400,000. Doc. #55-1 at 1 (¶ 1). When the IRS processed his 2010 return, it assessed a penalty for failing to pre-pay tax of $3,674. *Ibid*. (¶ 2). Failure-to-pay ("FTP") penalties on Morgan's unpaid tax balance began to accrue in 2011, and in November 2011 the IRS also assessed interest charged for late payment. *Id*. at 1-2 (¶¶ 3-4). FTP penalties continued to accrue through the end of 2011 to November 2014. *Id*. at 2 (¶¶ 5-8).

In February 2014, Morgan filed an amended return for 2010. *Id*. at 3 (¶ 10). Morgan's amended 2010 return claimed a carryback of a net operating loss ("NOL") from a 2012 loss year in the amount of $2,019,354.00, as well as an "overpayment" in the amount of $541,198.00. *Ibid*.

In October 2015, the Examination Division of the IRS made two adjustments to Morgan's tax liability. First, the IRS assessed an additional $7,782. Second, the IRS abated (reduced) what Morgan owed by $541,198.00, which reflected the NOL carryback as indicated in his amended 2010 tax return and which brought his unpaid tax balance for 2010 to zero, *ibid*. (¶¶ 11-12), which Morgan acknowledges, Doc. #61-2 at 5 (¶ 12 Resp.).[2] And thanks to a disaster-related suspension, the government belatedly made an interest adjustment to Morgan's tax liability for 2010, which ultimately generated a credit (overpayment) of $2,174.18 for 2010. Doc. #55-1 at 3-4 (¶¶ 13-16). The government submits that this credit is available to offset against Morgan's federal tax liability for 2011. Morgan disputes the amount of this credit without specifically citing evidence showing otherwise, stating in a conclusory fashion that "there was a balance of an over payment of $12,471.13 in 2010" and that this amount "should

---

[2] The IRS also abated Morgan's FTP by $33,947.88. Doc. #55-1 at 3-4 (¶ 13). Morgan appears to dispute the amount of his FTP abatement, citing his own submitted 490 Activity Summary and his 1040X form. Doc. #61-2 at 5-6 (¶ 13 Resp.); *see also* Doc. #61-2 at 13 (490 Activity Summary), 15 (1040X form).

2

have gone to the 2011 tax year, but failed to do so." Doc. #61-2 at 5 (¶ 12 Resp.) (capitalization omitted).

### *2011*

The government submits that after some abatements and adjustments, Morgan's 2011 unpaid tax balance is $327,823.35. Doc. #55-1 at 6 (¶ 24). The total amount of FTP penalties he owes is $125,806.31, and his assessed interest is $106,425.94. *Id*. at 6-7 (¶¶ 26, 27). In addition, there is interest accrued through March 9, 2020, in the amount of $66,197.88. *Id*. at 7 (¶ 28). All in all, Morgan's tax liability for 2011 is $626,253.48.

### *2013 and 2014*

As noted above, Morgan's tax liability for 2013 and 2014 is not in dispute. Morgan states he is "in agreement" with the government's facts as set forth in its Local Rule 56(a)(1) statement. Doc. #61-2 at 9-11 (¶¶ 29-43 Resps.).

For 2013, the government submits that Morgan has an unpaid tax balance of $20,322.00, Doc. #55-1 at 7 (¶ 29), and FTP penalties of $5,080.50, *id*. at 8 (¶ 33). His assessed interest is $1,830.06, *ibid*. (¶ 34), and his accrued interest through March 9, 2020, is $4,630.89, *id*. at 9 (¶ 35). In total Morgan's tax liability for 2013 is $31,863.45.

For 2014, the government submits that Morgan has an unpaid tax balance of $10,064.00, *ibid*. (¶ 37), and FTP penalties of $2,516.00, *ibid*. (¶ 41). He was also assessed a penalty for not filing the return on time ($2,264.40) and a penalty for failing to pre-pay tax ($173.85). *Ibid*. (¶ 38). His assessed interest for 2014 is $467.62. *Id*. at 10 (¶ 42). In addition, Morgan has $2,556.52 in accrued interest through March 9, 2020, Docs. #55-7 (Ex. 1-E); #65 at 3, and $1,761.20 in accrued FTP penalty, Doc. #55-1 at 10 (¶ 43). In sum, Morgan's tax liability for 2014 is $18,042.39.

The government filed this action against Morgan in October 2018. Doc. #1. The government now moves for partial summary judgment on Morgan's federal tax liability for 2010, 2011, 2013, and 2014. Doc. #55; *see also* Doc. #65 at 2-3.

## DISCUSSION

The principles governing the Court's review of a motion for summary judgment are well established. Summary judgment may be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view the facts in the light most favorable to the party who opposes the motion for summary judgment and then decide if those facts would be enough—if eventually proved at trial—to allow a reasonable jury to decide the case in favor of the opposing party. My role at summary judgment is not to judge the credibility of witnesses or to resolve close and contested issues but solely to decide if there are enough facts that remain in dispute to warrant a trial. *See generally Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (*per curiam*); *Benzemann v. Houslanger & Assocs., PLLC*, 924 F.3d 73, 78 (2d Cir. 2019).

"The district courts of the United States at the instance of the United States shall have such jurisdiction ... to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). Once the IRS has assessed a taxpayer's liability, the government may proceed in federal district court to reduce the assessment to judgment, which is what the relevant statutes and regulations refer to as a "collection action." *United States v. Chrein*, 368 F. Supp. 2d 278, 281 (S.D.N.Y. 2005), *aff'd*, 274 F. App'x 56 (2d Cir. 2008); *see also* 26 U.S.C. § 7402(a).

With this motion for partial summary judgment, the government seeks entry of judgment as to Morgan's federal income tax liabilities for 2010, 2011, 2013, and 2014 in the total amount

4

of $676,159.32, plus statutory additions from and after March 9, 2020, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c), with the understanding that an over-assessment of $2,174.18 in interest for year 2010 will be credited against the judgment amount as of January 7, 2019. Doc. #65 at 2.[3]

"It is well established that the IRS's tax calculations (including calculations of interest and penalties) are presumptively valid and create a *prima facie* case of liability, such that the Government is entitled to have the assessment reduced to judgment unless the taxpayer overcomes the presumption by the IRS that the assessment is correct." *United States v. Bettan*, 2020 WL 1989286, at *4 (E.D.N.Y. 2020) (quoting *Chrein*, 368 F. Supp. 2d at 282). In other words, "[a] government tax assessment is generally presumed to be correct, and a taxpayer who contests such an assessment bears the burden of proving that it is not." *Papandon v. United States ex rel. Perler*, 350 F. App'x 491, 493 (2d Cir. 2009) (citing *United States v. Janis*, 428 U.S. 433, 440-41 (1976)).

In support of its motion for summary judgment as to Morgan's federal tax liabilities for 2010, 2011, 2013, and 2014, the government has submitted copies of so-called literal tax transcripts of Morgan's account for each of the four relevant tax periods. Docs. #55-4 (Ex. B); #55-5 (Ex. C); #55-6 (Ex. D); #55-7 (Ex. E). In addition, the government has submitted other data generated by the IRS Data Retrieval System ("INTSTD Reports"), which show a detailed

---

[3] The government initially asked for entry of judgment as to Morgan's federal income tax liabilities for 2010, 2011, 2013, and 2014 in the total amount of $671,810.96, plus statutory additions from and after March 9, 2020, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. §1961(c), "with the understanding that an over-assessment of $2,174.18 in interest for year 2010 will be credited against the judgment amount as of January 7, 2019 – the last date on which interest was assessed for the 2010 year – resulting in a slightly greater reduction in the balance owed as of March 9, 2020." Doc. #55 at 1; *see also* Doc. #55-11 (memorandum of law). After oral argument, at which the Court confirmed with the government the amount owed by Morgan for each individual tax year, the government made a supplemental filing with corrected figures. *See* Doc. #65.

breakdown for interest and FTP penalty computations, Doc. #55-3 (Ex. A), and a Form 490 Activity Summary, which is in reference to tax year 2010, Doc. #55-8 (Ex. F).

In light of the presumption of correctness afforded to such submissions from the government, these documents suffice to establish Morgan's tax liability in the first instance. *See generally Malkin v. United States*, 243 F.3d 120, 124 (2d Cir. 2001) (analyzing "IDRS literal transcript" and related codes in affirming district court decision); *United States v. Wales*, 2017 WL 2954683, at *5 (S.D.N.Y. 2017) ("Courts in this circuit routinely consider IRS tax transcripts as competent evidence of tax liability"); *United States v. Martynuk*, 2015 WL 328100, at *5 (S.D.N.Y. 2015) ("[I]t is well established that a Form 4340 or a computer printout of a taxpayer's transcript of account, absent a showing of irregularity, provides sufficient verification of the taxpayer's outstanding liability[.]") (quoting *McLaine v. Comm'r*, 138 T.C. 228, 241, 2012 WL 833227 (2012)); *United States v. Chelsea Brewing Co.*, 2014 WL 4801330, at *4-5 (S.D.N.Y. 2014) (admitting IDRS records where defendant "provided no reason to doubt" them and granting summary judgment based partly on IDRS records); *see also Nassar Family Irrevocable Trust v. United States*, 2016 WL 5793737, at *12 (S.D.N.Y. 2016) (the presumption of correctness "extends to the Forms 4340 generated by the IRS"), *aff'd in part, appeal dismissed in part sub nom. United States v. Nassar*, 699 F. App'x 46 (2d Cir. 2017); *United States v. Salera*, 2013 WL 6491521, at *3-*4 (E.D. Cal. 2013) (finding exhibits including 490 Activity Summaries to be satisfactory evidence in support of the United States' motion for default judgment).

Morgan bears the burden of overcoming the presumption of correctness accorded to the government's submissions as to his tax liability. *See Nassar Family Irrevocable Tr.*, 2016 WL 5793737, at *13. And for Morgan to defeat a motion for summary judgment, he "must not only

show that the [IRS's] assessment is incorrect, but [Morgan] must also prove the correct amount of the tax." *Chariot Plastics, Inc. v. United States*, 28 F. Supp. 2d 874, 882 (S.D.N.Y. 1998) (citing *Janis*, 428 U.S. at 440-41); *see also United States v. Graham*, 2015 WL 1003458, at *3 (E.D.N.Y. 2015) ("To create a genuine issue as to the amount of his tax liability, [the defendant] must point to specific evidence that demonstrates the proper amount of his tax liability.") (cleaned up).

Although Morgan disputes his tax liability as set forth by the government for 2010 (and by extension, 2011), he has not submitted specific evidence to show not only that the government's assessment as to his 2010 tax liability is incorrect, but also the correct amount that he owes, as would be required to carry his burden to overcome the presumption of correctness afforded to the government's submissions.

In opposition to summary judgment, Morgan provides only his 1040X form for 2010, Doc. #61-2 at 15, and a 490 Activity Summary covering the period January 21, 2011 to December 17, 2015, Doc. #61-2 at 13; *see also* Doc. #61-1 at 3-4 (referring to this summary as the "original 490 form").[4] Morgan asserts that this 490 Activity Summary proves that he should have a credit for 2010 in the amount of $12,471.13. *See* Doc. #61-2 at 14 (showing an overpayment for 2010 of $12,471.13 as of October 10, 2015). But the government submits a more comprehensive version of that 490 Activity Summary for 2010, covering activity spanning from January 21, 2011 to April 15, 2017, Doc. #55-8 (Ex. F), and explains that the 490 Activity Summary submitted by Morgan is an earlier version and that this earlier version contained an error, *see* Doc. #55-11 at 18 n.6 ("That 490 Activity Summary simply contained an error in the amount of the projected abatement of FTP. It does not match either the INTSTD transcript, or the

---

[4] Morgan further states that "I have included a memorandum to show how the abatements came to be and why the original 490 account Summary for 2010 is correct," Doc. #61-1 at 3, but it is unclear to what Morgan refers.

7

figures on the English transcript of account, or a manual computation performed according to the table in paragraph 4 of the advisor's sworn declaration."). The government's 490 Activity Summary, as well as the 1040 form for 2010, shows that Morgan has a credit of $2,174.18 for 2010. Doc. #55-8 at 3 (Ex. F) (showing a credit balance for 2010 of $2,174.18 after the 700 Credit was applied in April 15, 2017); *see also* Doc. #55-4 at 1 (Ex. B) (showing an account balance of $2,174.18 for tax period ending December 31, 2010, as of December 31, 2019).

Although Morgan repeatedly states that the government's numbers as to his tax liability for 2010 are incorrect, both in his submissions and at oral argument, "[m]ere conclusory denials and bald assertions [about the proper amount of tax liability] are insufficient to avoid summary judgment." *O'Callaghan v. United States*, 943 F. Supp. 320, 327 (S.D.N.Y. 1996) (quoting *Schiff v. United States*, 1989 WL 119410, at *4 (D. Conn. 1989)), *aff'd*, 919 F.2d 830 (2d Cir. 1990).

Even affording him solicitude as a *pro se* litigant, Morgan's submissions do not show that the government's assessment of his federal tax liabilities for 2010 and 2011 is incorrect, let alone prove the correct amount of the tax, as is required to avoid summary judgment. *See Graham*, 2015 WL 1003458, at *3-*5; *Chariot Plastics*, 28 F. Supp. 2d at 882. Accordingly, in light of Morgan's failure to overcome the presumption of correctness afforded to the government's submissions as to his federal tax liability for 2010 and 2011, I conclude that Morgan's tax liability for 2011 is $626,253.48, which includes interest accrued through March 9, 2020, Doc. #55-1 at 6-7 (¶¶ 24, 26-28). I further conclude that Morgan's overpayment (credit) for tax year 2010 is in the amount of $2,174.18. *Id*. at 4-5 (¶ 16).

As to Morgan's federal tax liability of 2013 and 2014, as noted above, there is no genuine dispute of material fact about what Morgan owes for those years. Furthermore, and as explained above with respect to tax years 2010 and 2011, Morgan makes no submission in opposition that

is sufficient to overcome the presumption of correctness afforded to the government's figures. Accordingly, I conclude that Morgan's tax liability for 2013 is $31,863.45, which includes interest accrued through March 9, 2020. *Id*. at 8-9 (¶¶ 33-35). I likewise conclude that Morgan's tax liability for 2014 is $18,042.39, *id*. at 9-10 (¶¶ 38, 42-43), which includes interest accrued through March 9, 2020, Doc. #55-7 (Ex. E); Doc. #65 at 3, and accrued FTP penalty, Doc. #55-1 at 10 (¶ 43).

## CONCLUSION

For the reasons stated above, the government's motion for partial summary judgment (Doc. #55) is GRANTED. Judgment as to Morgan's federal income tax liabilities for 2010, 2011, 2013, and 2014 will enter in the total amount of $676,159.32, plus statutory additions from and after March 9, 2020, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. §1961(c), with the understanding that the sum ($676,159.32) includes an over-assessment (credit) of $2,174.18 for year 2010 that will be credited against the judgment amount owed as of January 7, 2019. *See* Doc. #65 at 2-3.

It is so ordered.

Dated at New Haven this 10th day of August 2020.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge