UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
|    Plaintiff, | : |
| | : |
| v. | :   CASE NO. 3:18-cv-1647 (JAM) |
| | : |
| JOHN A. MORGAN, | : |
| | : |
|    Defendant. | : |

## ORDER

Non-party, Connie Morgan, seeks to quash a subpoena from the United States that commands her to produce various documents spanning an eleven-year time frame. (Dkt. 155) Mrs. Morgan argues that the request is unduly burdensome and unfair. Mrs. Morgan also argues that the time frame in which she was asked to produce the documents was unreasonable. Defendant, John Morgan, also objects to post-judgment discovery that was served on him by the United States asking him to answer interrogatories and produce certain documents in response to Requests for Production. (Dkt. 162) Mr. Morgan essentially makes identical arguments as his wife, Connie Morgan.

The government argues that it would have given both Mr. and Mrs. Morgan a reasonable extension of time if either had made a request for more time. (Dkt. 161 & 164) It further argues that Mrs. Morgan has failed to meet her burden of specifying why the requests are unduly burdensome. The government also asserts that Mr. Morgan should be able to answer the interrogatories with the documents he has in his current custody/control. (Dkt. 161 & 164) The government asks the Court to enforce the subpoena and the compel responses to the discovery requests.

1

After reviewing the briefs, this Court held an oral argument on February 23, 2023.[1] At the end of the oral argument, the Court gave Mrs. Morgan one week to file a supplemental response detailing how the subpoena was unduly burdensome. Specifically, the Court asked Mrs. Morgan to explain what efforts were made to obtain any documents and how many documents she thought needed to be produced to comply with the subpoenas. Mrs. Morgan filed her "supplemental response" which included an affidavit.[2] However, the affidavit only repeats the arguments in the original motion to quash and re-argues the merits of the case, instead of answering the questions the Court asked. Having failed to meet their burden, Mrs. Morgan's Motion to Quash is DENIED and Mr. Morgan's objection to the discovery requests is also DENIED.

I. Legal Standard

Rule 45(d)(3)(A) provides that a court "must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). "A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement," which provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense[.]" *Torcasio v. New Canaan Bd. of Ed.*, No. 15CV53, 2016 WL 312102, at *1 (D. Conn. Jan. 26, 2016) (internal citations omitted); Fed. R. Civ. P. 26(b)(1). The movant bears the burden of persuasion on a

---

[1] Both Mr. Morgan and Mrs. Morgan are *pro se*. The Court held an oral argument, in large part, to give them an opportunity to reply to the government's response, since none had been filed. In addition, the Court used the hearing as an opportunity to explain the standard for determining relevance in the context of a discovery dispute and explain the burden required for quashing a subpoena.

[2] Mrs. Morgan response was filed as another Motion to Quash. (Dkt. 169)

motion to quash.  *See Travelers Indem. Co. v. Metro. Life Ins. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005).

"[A] party objecting to a discovery request on the grounds that the information sought is unduly burdensome must go beyond the familiar litany that requests are burdensome, oppressive or overly broad and submit affidavits or other evidence revealing the nature of the burden." *Nat'l Grange Mut. Ins. Co. v. Judson Constr. Inc.*, No. 08CV981, 2011 WL 13234130, at *1 (D. Conn. Apr. 27, 2011) (citation omitted).  "An evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party." *Travelers Indem. Co.*, 228 F.R.D at 113.  In assessing whether a subpoena poses an undue burden, courts weigh several factors such as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed.  *See id.*  "Within this Circuit, courts have held nonparty status to be a 'significant' factor in determining whether discovery is unduly burdensome." *Jacobs v. Town of Palm Beach*, No. 19-MC-153, 2020 WL 13547679, at *1 (D. Conn. Jan. 21, 2020) (citation omitted).  *See also* Fed.R.Civ.P. 45(c)(2)(B) ("an order to compel production shall protect any person who is not a party from significant expense . . . .").  The determination of issues of burden and reasonableness is committed to the sound discretion of the trial court.  *Travelers Indem. Co.*, 228 F.R.D. at 113 (citing *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y.1996)).

II.  Discussion

The subpoena requests that Mrs. Morgan produce the following documents: (1) all documents, letters, statements, deeds, titles, records, notes, memoranda, email, and other documentation that shows a transfer of any assets by Mr. Morgan to Mrs. Morgan on or after April

3

15, 2011 (having a value of $5,000 or more); (2) all periodic account statements after January 1, 2014 of a joint bank account between Mr. Morgan and Mrs. Morgan; and (3) all documents, letters, statements, deeds, titles, records notes, memoranda, emails, and other documents that refer to any assets owned by Mr. Morgan or jointly held by Mrs. Morgan and Mr. Morgan.  Likewise, the post-judgment discovery served on Mr. Morgan requests: copies of his tax returns for 2016 through 2021; the identity of all assets that have a value of $5,000 or more that Mr. Morgan transferred to his wife, children, friend, or trust; the identity of all banks and financial institutions in which Mr. Morgan has assets or documents stored.

Mrs. Morgan moves to quash the subpoena on the grounds that it is unduly burdensome and unfair.  She alleges that the subpoena is overbroad and is just a fishing expedition because the government already has the information it seeks.  Mrs. Morgan also alleges that the 15-day time frame in which she was expected to produce the documents was unreasonable given the eleven-year period of documents requested.  Finally, she alleges that the documents requested do not belong to her, she does not have them, and that they are "for the most part also not available." (Dkt. 155)[3]

Mr. Morgan also argues that the government did not allow him a reasonable amount of time to comply with the discovery requests, and that the discovery requests subject him to undue

---

[3] The Court notes that both a non-party, who has been served with a subpoena and a party, who has been served with discovery requests, are required to produce documents that are within their possession, custody or control.  *See Safeco Ins. Co. of Am. v. Vecsey*, 259 F.R.D. 23, 28-29 (D. Conn. 2009) ("Inspection can be had if the party to whom the request is made has the legal right to obtain the document, even though in fact it has no copy, and courts, particularly in this circuit, have held that a party may have 'control' over documents even where it does not have entitlement to the documents if it has the 'practical ability to obtain' them.") (internal quotations and citations omitted).  "[C]ontrol does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has the right, authority, or practical ability to obtain the documents from a non-party to the action." *Id.* (citing *In re NTL, Inc. Secs. Litig.*, 244 F.R.D. 179, 195 (S.D.N.Y. 2007).  With respect to the documents that Mr. and Mrs. Morgan purport not to possess, neither individual has argued that such documents are not within his or her custody or control.

burden and oppression and are cumulative. He alleges that the information requested is not available nor in his possession. In addition, Mr. Morgan states that it would take many months and a team of accountants to request the files from banks and credit unions.

The government argues that Mrs. Morgan does not state with specificity why the subpoenaed information is burdensome and simply relies on boilerplate objections, which are insufficient to defeat a subpoena. The government further argues that if either Mr. or Mrs. Morgan had consulted with the government's attorney and asked for an extension of time to produce the documents, the government would have freely granted such a request. The government states that Mr. Morgan could easily review documents that are available to him at his residence, and readily obtain relevant statements and account information from financial institutions in which he has accounts. The government cross-moves to enforce the subpoena under Rule 45(d)(2)(B)(i).

The information the government is seeking is relevant for discovery purposes. The United States is seeking to ascertain the assets of Mr. Morgan in order to collect on his tax debt. The government explains that the enlarged time frame is necessary to determine if Mr. Morgan made any improper transfers of assets to his wife or anyone else in order to reduce or hide his assets. The government has met its burden of proving relevance and Mr. and Mrs. Morgan have failed to explain why the information requested is not relevant to this stated purpose of the government.

The Morgans have the burden of persuasion to show why the requests are unduly burdensome.[4] They have not met their burden. It is not enough for Mrs. Morgan to argue the accuracy of what tax period Mr. Morgan may or may not have paid—that goes to the merits of the

---

[4] Mr. Morgan and Mrs. Morgan argue that the government did not give them a reasonable amount of time to comply with the subpoena or the discovery requests. Because the government states that it would have given them a reasonable extension of time had they asked for an extension, and in light of the amount of time that has elapsed, the Court finds this argument moot.

case which have already been adjudicated.  *See, e.g.*, *North Shore-Long Island Jewish Health Systems, Inc. v. Multiplan, Inc.*, 325 F.R.D. 36,48-49 (E.D.N.Y. 2018) (finding that the defendant's opposition to a discovery motion was not the proper forum for raising challenges to the substance or viability of the plaintiff's claims, and that such challenges were not proper grounds to preclude otherwise appropriate discovery).

At the oral argument, the Court provided some guidance to Mrs. Morgan as to the type of information or documentation she might submit that could potentially be supportive of some of her arguments.  The Court asked Mrs. Morgan if she could explain the efforts it would take to locate and assemble documents that would be responsive to the subpoena, the time it would take to produce the documents, and how many documents were estimated to be produced.  Mrs. Morgan asserted that the documents do not exist and are not in her possession, but then she stated that producing the documents would be unduly burdensome, but she provided no evidence of *how* the task would be unduly burdensome.  Mrs. Morgan notes that the subpoena covers a period of eleven years.  However, this fact does not make the request overly broad and does not necessarily mean it would be unduly burdensome to comply.  To illustrate the point, if only tree assets with a value of $5,000 or more were transferred from Mr. Morgan to Mrs. Morgan during the eleven-year period in question, the burden of producing the documents that show the transfer of those three assets would not be unduly burdensome.   By failing to specify how the production would be unduly burdensome, Mr. Morgan and Mrs. Morgan have failed to meet their burden of persuasion.

It does not appear that Mr. Morgan and Mrs. Morgan made any attempt to search for or locate *most* of the information or documents that the government is seeking.[5]  It also does not

---

[5] Mrs. Morgan represents in her supplemental brief that she has looked, and she does not have any joint accounts with Mr. Morgan, and never did "as far as [she] can recall." (Dkt. 169)  The Court is satisfied with her sworn answer.

appear that either Mr. Morgan or Mrs. Morgan attempted to answer the interrogatories or produce the requested documents by using documents that Mr. Morgan or Mrs. Morgan has in his or her possession, custody, or control.  Essentially, it appears as though they have made little effort to comply with the subpoena and post-judgment discovery requests.  Therefore, the Court denies the Motions to Quash, and grants the government's Cross-Motion to Enforce.  Mr. Morgan and Mrs. Morgan will have until **Friday, April 7, 2023**, to comply with the subpoena and discovery requests.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. R. 72.2. As such, it is an order of the Court unless reversed or modified by a district judge upon motion timely made.

SO ORDERED this **14th day** of **March**, 2023 at Hartford, Connecticut.

_____/s/_____

Robert A. Richardson
United States Magistrate Judge